UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY MARANTO | CIVIL ACTISON |
| VERSUS | |
| TRI-PARISH CONTRACTORS, INC. | NO.: 17-01120-BAJ-EWD |

RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 6)** filed by Defendants Tri-Parish Contractors, Inc. and Felix Simoneaux, III. Plaintiff Troy Maranto did not file an opposition. For the following reasons, the **Motion to Dismiss (Doc. 6)** is **GRANTED IN PART**, and this case is **REMANDED** to the 18th Judicial District Court, Parish of West Baton Rouge.

I. BACKGROUND

This case is about a bitter office love triangle. Plaintiff alleges that his wife had an affair with his boss, and then his boss harassed, threatened, and finally fired him. (Doc. 1-1 at p. 3–5, 39–42). Plaintiff alleges that he worked at Tri-Parish Contractors as a safety manager along with his wife who worked as an office manager. *Id.* at p. 39. He alleges that in December 2016, he and his wife separated because Felix Simoneaux, his boss, had an affair with his wife. *Id.* at p. 40. After he separated from his wife, Plaintiff alleges that Simoneaux barred Plaintiff from entering Tri-Parish's front office, and forbid him from using the office bathroom. *Id.*

1

18th JDC - Certified

at 40. As a result, Plaintiff alleges that he had to walk to a different building to relieve himself. *Id.*

In February 2017, Plaintiff alleges that Simoneaux reduced his pay by $200.00 a week. *Id.* A month later, Simoneaux allegedly called Plaintiff and "began threatening and harassing him" because Plaintiff spread rumors that Simoneaux was having an affair with his wife. *Id.* A few weeks later, Plaintiff alleges that he told Simoneaux that he would need to miss work to attend court for a divorce and custody hearing. *Id.* at p. 4. That day, Plaintiff missed three hours of work, and the next day Simoneaux called Plaintiff and yelled at him "in a profanity laced tirade" because he missed three hours of work. *Id.* at p. 41. About a week later, Plaintiff alleges that when he went to work, his wife and Simoneaux became irate, began yelling at him, and called the police. *Id.* at p. 41.

Plaintiff alleges that while being interviewed by the police, Simoneaux fired him by text message. *Id.* at p. 42. Plaintiff alleges that he then began searching for a new job in early April, and he applied to Exxon-Mobil. *Id.* An Exxon-Mobil representative told Plaintiff, however, that Simoneaux and Tri-Parish informed Exxon that they fired Plaintiff for "f***ing things up." *Id.* Plaintiff alleges that Simoneaux had been trying to humiliate Plaintiff to appease his wife. *Id.* at p. 46.

Plaintiff sued Defendants on June 5, 2017 in the 18th Judicial District Court, Parish of West Baton Rouge, Louisiana. *Id.* at p. 3. Plaintiff filed an Amended Petition for Damages about three months later. *Id.* at p. 39. And twenty-five days after Plaintiff amended the Petition, Defendants removed the case, invoking the

Court's federal question jurisdiction. (Doc. 1). Plaintiff claims Defendants are liable for: (1) intentional interference with a business relationship; (2) negligent interference with a business relationship; (3) defamation; (4); intentional infliction of emotional distress; (5) wrongful termination; (6) violation of La. R.S. 22:1046, which governs group health insurance continuation; and (7) creating a hostile work environment under Title VII of the Civil Rights Act. (Doc. 1-1 at p. 6 and 46).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

## III. DISCUSSION

### A. Title VII Hostile Work Environment Claim

Plaintiff claims that Defendants are liable under Title VII for creating a hostile work environment. (Doc. 1-1 at p. 45). Title VII of the Civil Rights Act of 1964 prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

3

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Out of the gate, Plaintiff's claim against Simoneaux falls flat because Title VII applies only to employers and not supervisors or fellow employees. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003). The question then is whether Plaintiff states a hostile work environment claim against his employer, Tri-Parish Contractors.

Plaintiffs alleging sex discrimination may recover on a theory of a hostile work environment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 73 (1986). The underlying policy is that employees should be afforded the right to be free from "discriminatory intimidation, ridicule, and insult." *Id.* at 65. The Supreme Court has also construed Title VII to allow hostile work environment claims whether the harasser and the victim are the same gender or different genders. *Oncale v. Sundowner Offshore Servs.*, Inc., 523 U.S. 75, 82 (1998). In evaluating same-sex sexual harassment claims, courts follow a two-step inquiry. *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444, 453 (5th Cir. 2013). First, the court considers whether the harassment constitutes discrimination "because of sex." *Id.* Second, the court evaluates whether the conduct meets the standards for a hostile work environment claim. *Id.*

When a plaintiff alleges same-sex sexual harassment, there are a few ways a plaintiff may prove that harassment is "because of" sex. First, "a plaintiff may show that the harasser was homosexual and motivated by sexual desire[.]" *Boh Bros.*, 731 F.3d at 455 (citing *Oncale*, 523 U.S. at 80–81. The United States Court of Appeals

4

for the Fifth Circuit has identified two types of evidence that can serve as "credible evidence of homosexuality." First, "evidence suggesting that the harasser intended to have some kind of sexual contact with the plaintiff rather than merely to humiliate him for reasons unrelated to sexual interest," and second, "proof that the alleged harasser made same-sex sexual advances to others, especially to other employees." *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 480 (5th Cir. 2002). Plaintiff alleges no facts suggesting that Simoneaux intended to have sexual contact with Plaintiff or that he made advances to other men. There is therefore no evidence that Simoneaux was motivated by sexual desire.

Second, "a plaintiff may show that the harassment was framed 'in such sex-specific and derogatory terms ... as to make it clear that the harasser [was] motivated by general hostility to the presence' of a particular gender in the workplace[.]" *Boh Bros.*, 731 F.3d at 455 (quoting *Oncale* 523 U.S at 80–81). Here, though, Plaintiff fails to allege that Simoneaux made any sex-specific comments let alone that they were motivated by hostility toward men. Plaintiff alleges that Simoneaux yelled at him "in a profanity laced tirade" because he missed work, (Doc. 1-1 at p. 41), that Simoneaux threatened and harassed him because of rumors that he was having an affair with Plaintiff's wife, *id.* at p. 40, and that when Plaintiff went to work, his wife and Simoneaux became irate, began yelling at him, and called the police. *Id.* at p. 5.

None of these allegations involve sex-specific comments. Further still, none of Simoneaux's alleged conduct reflects a general hostility toward men in the workplace. Plaintiff's allegations reflect that Simoneaux directed threats toward him and

harassed him because Plaintiff was married to Simoneaux's new-found lover, not because of his sex. Plaintiff, in fact, admits that Simoneaux threatened and harassed him to appease Plaintiff's wife. *Id.* at p. 46. If true, Simoneaux acted terribly, but Plaintiff's allegations do not suggest that Simoneaux was motivated by hostility toward men. His behavior was motivated by hostility toward a specific man—Plaintiff.

Third, "a plaintiff may 'offer direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.'" *Boh Bros.*, 731 F.3d at 455 (quoting *Oncale* 523 U.S at 80-81). Plaintiff fails to allege how Defendants treated him in comparison to anyone else in the Tri-Parish office. In fact, Plaintiff's complaint lacks any reference to how Simoneaux treated anyone other than Plaintiff.

These three approaches are not exhaustive, and the Fifth Circuit has held that a plaintiff may satisfy Title VII's "because of sex" requirement in other ways, including "with evidence of sex-stereotyping." *Id.* at 454–56. Epithets directed toward a person's masculinity may constitute evidence of sex-stereotyping. *Id.* at 457. In *Boh*, for example, evidence was offered that suggested sex-stereotyping when the defendant called the plaintiff "'fa—ot,' 'pu—y,' and 'princess,' often 'two to three times' per day" to denigrate plaintiff's masculinity. *Id.* at 457–59. Plaintiff does not even suggest that Simoneaux intended to denigrate his masculinity. Nor does Plaintiff allege that Simoneaux directed any sex-based epithets toward him. In fact, Plaintiff concedes that Simoneaux intended only to appease Plaintiff's wife by humiliating him. (Doc. 1-1 at p. 46). Plaintiff fails to state a Title VII hostile work

environment claim because he has not alleged facts showing that Defendants harassed him "because of" sex.

## B. State Law Claims

Having dismissed Plaintiff's only federal claim, the Court must now determine what to do with his remaining state law claims. Courts may decline to exercise supplemental jurisdiction over state law claims when courts dismiss all the claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). And when a court dismisses all federal claims, courts generally dismiss remaining state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Court thus declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands this case to the 18th Judicial District Court.

## IV. CONCLUSION

If true, Plaintiff's boss treated him poorly and fired him for no good reason. But absent a showing of sex-based discrimination, Title VII provides no cause of action just because a boss acts like a jerk or a bully. Love triangles never end well, and unfortunately, Plaintiff's federal lawsuit suffers the same fate.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 6)** is **GRANTED IN PART**. Plaintiff's Title VII hostile work environment claim is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and this action is

**REMANDED** to the 18th Judicial District Court, Parish of West Baton Rouge, Louisiana.

Baton Rouge, Louisiana, this 21st day of February, 2018.

/s/ Brian A. Jackson
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**